**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2021
_____

IN RE: E. THOMAS SCARBOROUGH, III,
Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Civ. No. 5:18-cv-02436)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
June 29, 2023
Before:  CHAGARES, <u>Chief Judge</u>, HARDIMAN and PHIPPS, <u>Circuit Judges</u>

(Opinion filed July 28, 2023)
_____

OPINION[*]
_____

PER CURIAM

 Pro se petitioner E. Thomas Scarborough, III, seeks a writ of mandamus.  Because

Scarborough has not demonstrated that he is entitled to such relief, we will deny his

petition.

 Scarborough's mandamus petition is the second he has filed in connection with a

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

civil rights lawsuit that he initiated in the United States District Court for the Eastern District of Pennsylvania against two Pennsylvania state courts. Scarborough alleged that his civil rights were violated in the course of a state court custody matter. The District Court dismissed the case in 2019, and we affirmed that decision. See Scarborough v. Ct. Com. Pl. of Northampton Cnty., 794 F. App'x 238, 240 (3d Cir. 2020) (per curiam). Scarborough filed a motion to vacate the judgment pursuant to Federal Rule of Civil Procedure 60(d)(3), which the District Court denied; Scarborough did not appeal. Scarborough then filed a motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e), which remains pending.

In his present mandamus petition, Scarborough seeks four forms of relief.[1] He asks us to: 1) investigate allegations about his state court proceeding; 2) vacate a state court custody order; 3) amend the defendants in his case; and 4) "remand to an interested forum." Pet. at 3.

A writ of mandamus is a "drastic remedy" that may be granted "only in extraordinary circumstances in response to an act amounting to a judicial usurpation of power." In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005) (citation omitted). Scarborough fundamentally challenges several state court and District Court rulings in his petition, but such arguments do not warrant mandamus relief. See

---

[1] Scarborough previously sought mandamus relief in February 2023, which we denied. See In re Scarborough, No. 23-1284, 2023 WL 2263028, at *1 (3d Cir. Feb. 28, 2023) (non-precedential).

Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam) (stating that a mandamus petitioner must show that "no other adequate means [exist] to attain the relief he desires") (alteration in original) (citation omitted); Madden v. Myers, 102 F.3d 74, 77 (3d Cir. 1996) (explaining that mandamus is not a substitute for an appeal). Further, we lack mandamus authority to intervene in state court matters. See In re Grand Jury Proceedings, 654 F.2d 268, 278 (3d Cir. 1981) ("A federal court . . . ordinarily may not issue a writ of mandamus to compel a state court to exercise a jurisdiction entrusted to it.").

Accordingly, we will deny Scarborough's petition.